UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SONIA LEE NETTLES,<br><br>          Plaintiff,<br><br>    v.<br><br>FARMERS INSURANCE EXCHANGE and FARMERS GROUP, INC.,<br><br>          Defendants. | Case No.  C06-5164RJB<br><br>ORDER ON DEFENDANTS' MOTION TO FILE CERTAIN RECORDS UNDER SEAL |

    This matter comes before the court on Defendants' Motion to File Certain Records Under Seal.  for Summary Judgment. Dkt. 19. The court has considered the relevant documents and the remainder of the file herein.

PROCEDURAL HISTORY AND MOTION

    On December 2, 2005, plaintiff Sonia Lee Nettles filed this action in Clark County Superior Court, naming Farmers Insurance Company of Washington as the defendant.  The case was removed to federal court on March 28, 2006.  On June 28, 2006, Ms. Nettles filed an amended complaint in which she substituted Farmers Insurance Exchange and Farmers Group, Inc. as defendants.  In the amended complaint, Ms. Nettles alleges that defendants (1) discriminated against her in employment based upon her race, gender, national origin and age, in

ORDER

Page - 1

1  violation of 42 U.S.C. § 1981 and RCW 49.60.180, and (2) retaliated against her in violation of
2  42 U.S.C. § 1981 and RCW 49.60.210.  Dkt. 5, at 2.
3        On February 28, 2007, defendants filed a motion for summary judgment, contending that
4  (1) the claims against Farmers Group should be dismissed because Farmers Group was not Ms.
5  Nettles' employer at the time of her termination; (2) the claims under RCW 49.60 are time barred;
6  (3) Ms. Nettles has failed to state an actionable claim of discrimination; and (4) Ms. Nettles has
7  failed to state an actionable claim of retaliation.  Dkt. 20.
8        Along with the motion for summary judgment, defendants filed a motion to seal certain
9  documents that were filed in support of the motion for summary judgment.  Dkt. 19.  Those
10 documents are Dkts. 22-26, 30-35, 38, 40-43, and 45-49.  Defendants request that the court seal
11 these documents, on the basis that they are either personnel records of non-parties or proprietary
12 information.  Plaintiff did not file a response to the motion.

## LEGAL STANDARD

14       Local Rule CR5(g)(1) provides as follows:

> This rule sets forth a uniform procedure for sealing court files, cases, records, exhibits, specified documents, or materials in a court file or record.  There is a strong presumption of public access to the court's files and records which may be overcome only on a compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting files, records, or documents from public review.  Nothing in this rule shall be construed to expand or restrict statutory provisions for the sealing of files, records, or documents.

## DISCUSSION

20       The records at issue fall into four categories.  The first category (Dkts. 22, 23, 24, 25, 26,
21 40, 41, 42, 43, and 49) consists of performance reviews of individuals who are not parties to this
22 action.  Such information is private to the individuals involved, who have not sought to place that
23 private information in the public sphere. In their motion for summary judgment, defendants refer
24 to some of the information contained in these performance reviews and have not sought to have
25 the information in the motion sealed.  Nonetheless, the information in the performance reviews
26 themselves is much more specific and detailed than the information referenced in the motion for
27 summary judgment.  Defendants have made a compelling showing that the interests of those
28

ORDER

Page - 2

1  private parties outweighs the public's right of access. The court should grant defendants' motion
2  to seal these documents.

3     The second category (Dkt. 31, 32, 33, 34, and 35) consists of performance salary review
4  notices of third parties.  While such information is not as detailed or potentially intrusive as the
5  information contained in the performance reviews, the information relates to third parties who
6  have not chosen to have their salary history placed into the public record.  With regard to these
7  documents, defendants have made a compelling showing that the interests of those private parties
8  outweighs the public's right of access. The court should grant defendants' motion to seal these
9  documents.

10    The third category (Dkt. 45, 46, 47, and 48) consists of correspondence related to the
11 separation from employment of an individual who is not a party to this action.  Again, this
12 individual is not a party to this action, and has not sought to make the terms of her separation
13 from employment public.  With regard to these documents, defendants have made a compelling
14 showing that the interests of those private parties outweighs the public's right of access. The
15 court should grant defendants' motion to seal these documents.

16    The final category of documents defendants request that the court order sealed (Dkt. 30
17 and 38) relate to Farmers Insurance Exchange's plan for reduction in its workforce in 2002.
18 Defendants contend that these documents contain confidential, proprietary information about how
19 Farmers Insurance Exchange chose to restructure its claims workforce.  Defendants maintain that
20 "FIE's interests could be harmed if this information was made known to its competitors." Dkt.
21 19, at 5. The court is unable to discern any reason for protecting this information from the public.
22 The documents do not appear to contain "confidential" information. Further, defendants have not
23 made a sufficient showing that these documents are of a proprietary nature such that the
24 defendants would be harmed if competitors discovered this information.  Defendants have not
25 made a compelling showing that their interests outweigh the public's right of access. The court
26 should deny defendants' motion to seal these documents.

27
28

ORDER

1  Therefore, it is hereby

2  **ORDERED** that Defendants' Motion to File Certain Records Under Seal (Dkt. 19) is
3  **GRANTED IN PART AND DENIED IN PART** as follows: (1) Dkts. 22-26, 31-35, 40-43, 45-
4  49 are **SEALED**; (2) Dkts 30 and 38 are **NOT SEALED**, and will be part of the public record in
5  this case. This order will remain in effect until further order of the court. Before the court orders
6  a change to the terms of this order, the parties will be afforded notice and an opportunity to be
7  heard.

8  The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of
9  record and to any party appearing *pro se* at said party's last known address.

10  Dated this 16th day of March, 2007.

           Robert J. Bryan
           United States District Judge

ORDER

Page - 4