UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SONIA LEE NETTLES,

    Plaintiff,

    v.

FARMERS INSURANCE EXCHANGE and FARMERS GROUP, INC.,

    Defendants.

Case No.  C06-5164RJB

ORDER ON
MOTIONS IN LIMINE

This matter comes before the court on Defendants' Motions in Limine (Dkt. 62), and on Plaintiff's Motion in Limine Re: Preclusion of Expert Testimony (Dkt. 61).  The court is familiar with the records and files herein, and all documents filed in support of and in opposition to said motions.

Counsel should be aware that the denial of a motion in limine does not mean that the questioned evidence is admissible.  It only means that the court will resolve the issue at trial.

<u>Defendants' Motions in Limine</u>

    **A. Motion One**.  The court can better determine the relevance of offered evidence at trial, and therefore Defendants' Motion One should be denied.

    **B. Motion Two**.  As reflected in Plaintiff's Response to Defendants' Motion in Limine (Dkt. 63), Motion Two is moot.  The court notes that should evidence related to punitive

ORDER

Page - 1

1  damages becomes relative, appropriate financial statements from the defendants, with brief
2  explanation, should be sufficient. The parties are urged to consider stipulation with regard to
3  such evidence.

4        **C. Motion Three**. This motion should be denied for the reasons stated in
5  Plaintiff's Response to Defendants' Motions in Limine (Dkt. 63).

6        **D. Motion Four**. Again, the court can better determine admissibility of the
7  subject testimony at trial than pretrial. Accordingly, this motion should be denied.

8        **E. Motion Five**. The court is not clear, at this point, as to the employment
9  relationships between plaintiff and the two named defendants. This issue involves the question of
10 not only who employed plaintiff, but who employed those who made the relative employment
11 decisions about her. The presence of two defendants in the case may well be overkill, and may
12 well be confusing to the jury, and, accordingly, the parties are encouraged to share information
13 about these employment relationships and consider stipulating to dismissal of any corporate party
14 that is not directly involved issues in this case.

15     <u>Plaintiff's Motion in Limine Re: Preclusion of Expert Testimony</u>

16     Rehabilitation Counselor Carl Gann may have some admissible testimony to offer on
17 issues of mitigation in regard to statistical evidence from reliable governmental sources. The
18 admissibility of such statistical evidence must rely on foundational evidence of the reliability such
19 statistics. Generalized opinions, however, as expressed in Mr. Gann's report such as "in my
20 opinion, there were a significant number of job openings for customer service representatives in
21 the Vancouver, Washington - Portland, Oregon area in 2003 and 2004 for Ms. Nettles to have
22 applied for and become employed" and "in my opinion, Ms. Nettles could have found numerous
23 job openings for which she could have applied following her layoff" and "in my opinion, had she
24 performed a broader job search based on her skills, her opportunities for success would have been
25 much greater" and "in my opinion, a reasonable job finding time for Ms. Nettles would be up to
26 six months" are conclusions that would not assist the jury. Such testimony as to unknown job
27 openings that plaintiff could have applied for or received, and opinions as to the reasonableness of
28

ORDER

plaintiff's efforts, go beyond the requirements of Federal Rule of Evidence 702.

To quote from Defendants' Motion:

> The employer has the burden, however, of proving that the employee failed to mitigate his or her damages. . . . To satisfy this burden, the employer has to prove "that, based on undisputed facts in the record, during the time in question there were substantially equivalent jobs available, which [the plaintiff] could have obtained, and that [the plaintiff] failed to use reasonable diligence in seeking one."

Dkt. 61, at page 4 (citations omitted). Mr. Gann's report indicates to the court that he may be able to testify that statistically there were substantially equivalent jobs available, but there is no basis in his report from which he could further testify that the plaintiff could have obtained any particular job or that she failed to use reasonable diligence in seeking a job.

To the foregoing extent, Plaintiff's Motion in Limine Re: Preclusion of Expert Testimony (Dkt. 61) should be granted in part and denied in part.

## ORDER

**IT IS ORDERED** that the aforementioned motions are granted and denied to the extent stated above.

The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 11th day of May, 2007.

Robert J. Bryan
United States District Judge

ORDER

Page - 3